Thomas F. Bertrand, State Bar No. 056560
Richard W. Osman, State Bar No. 167993
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email: rosman@bfesf.com

Attorneys for Defendants
DANIEL VALK

John L. Burris, State Bar No. 69888
Benjamin Nisenbaum, State Bar No. 222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
VACAVILLE, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
Email: john.burris@johnburrislaw.com

Attorneys for Plaintiff
SAMUEL WHITE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL WHITE,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF VACAVILLE, a municipal corporation; RICHARD WORD, in his capacity as Chief of Police for the CITY OF VACAVILLE; DANIEL VALK, individually and in his capacity as a police officer for the CITY OF VACAVILLE; DOES 1-25, inclusive,<br><br>    Defendants. | Case No. 2:12-cv-00515-GEB-KJN<br><br>**STIPULATION AND PROTECTIVE ORDER** |

1

STIPULATION AND PROTECTIVE ORDER
*White v. City of Vacaville, et al.*
U.S.D.C. Northern District of CA Case No. 2:12-cv-00515-GEB

1. The parties to the above-entitled action, by and through their counsel of record, hereby stipulate to entry of the attached protective order as to materials to be produced in discovery herein by defendant DANIEL VALK and/or any of its police officers.

The materials included in the above-mentioned protective order are as follows:

    a. Any document which comprises an officer's personnel file and which is produced in discovery in the within matter from police personnel files maintained by the defendant DANIEL VALK, including any Internal Affairs investigations and all other matters in an officer's personnel file;

    b. The names, addresses and telephone numbers of any civilian witnesses disclosed by defendants in discovery;

    c. Any and all police reports and other investigative materials disclosed by defendants in discovery; and

    d. Other materials that the parties agree in writing are to be covered by this Order.

All "confidential material" shall be designated by stamping or otherwise marking each such document as follows: "CONFIDENTIAL".

2. Confidential material shall be used solely in connection with the preparation and litigation of the case in the within action (Case No. 2:12-cv-00515-GEB-KJN) or in any related appellate proceeding, and not for any other purpose, including any other litigation, without the express approval of this court.

3. Confidential material may not be disclosed, except as is provided in paragraph 4, below.

4. Confidential material may be disclosed only to the following persons: (a) parties and counsel for any party to this litigation; (b) paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel for the parties in this litigation; (c) court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for trial in this action; (d) any outside expert or consultant retained by any party to the action in connection with the action, and not otherwise employed by either party; and, (e) any "in-house" expert designated by any party to testify at trial in this matter.

////

2

STIPULATION AND PROTECTIVE ORDER
*White v. City of Vacaville, et al.*
U.S.D.C. Northern District of CA Case No. 2:12-cv-00515-GEB

Nothing in this paragraph (4) is intended to prevent officials or employees of the CITY OF VACAVILLE, or other authorized government officials, from having access to the documents so designated if they would have such access in the normal course of their job duties.  Furthermore, nothing herein prevents any witness from disclosing events or activities personal to him or her, that is, a witness may disclose to others, without restriction under this order, information previously given to the CITY OF VACAVILLE with respect to what he or she saw, heard, or otherwise sensed.

5. Each person to whom disclosure is made, with the exception of counsel, who are presumed to know the contents of this protective order, shall be provided by the person furnishing him or her "confidential material," as designated hereunder, with a copy of this order, and shall agree on the record, in writing, that he or she has read this protective order and consents to be subject to the jurisdiction of this court with respect to the enforcement of this order, including without limitation, any proceeding for contempt.  Unless such agreement is made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said written agreement until final termination of this litigation.

6. At the conclusion of the trial in this matter, and of any appeal, or upon the termination of this action by any other means, all confidential material received under the provisions of this order, including any copies made thereof, shall be tendered back to the appropriate parties or their attorneys. Pursuant to Local Rule 141, once the clerk has closed this action, unless otherwise ordered, the Court will not retain jurisdiction over enforcement of the terms of this protective order.

7. The foregoing is without prejudice to the right of any party to this action:  (a) to apply to the court for a further protective order relating to any confidential material or relating to discovery in this litigation; (b) to apply to the court for an order removing the confidential material designation from any document; and, (c) to apply to the court for an order compelling production of documents or for modification of this order or for any order permitting disclosure of confidential material beyond the terms of this order.

8. Without written permission from the party designating material as confidential or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any confidential material. A party that seeks to file under seal any confidential material must

3

STIPULATION AND PROTECTIVE ORDER
*White v. City of Vacaville, et al.*
U.S.D.C. Northern District of CA Case No. 2:12-cv-00515-GEB

comply with Local Rule 141 and the Federal Rules of Civil Procedure. Confidential material may only be filed under seal pursuant to a court order authorizing the sealing of the specific confidential material at issue. Pursuant to Local Rule 141 and the Federal Rules of Civil Procedure, a sealing order will issue only upon a request establishing that the confidential material at issue is privileged, protectable as a trade secret or otherwise entitled to protection under the law. If a receiving party's request to file confidential material under seal pursuant to Local Rule 141 and the Federal Rules of Civil Procedure is denied by the court, then the party receiving materials designated as "confidential" may file the information in the public record pursuant to Civil Local Rule 141 unless otherwise instructed by the court.

Counsel for the parties to this action hereby declares that they have read the foregoing, that they approve thereof as to form and content, and that, on behalf of their clients in this action, they stipulate thereto.

Dated:  April 23, 2013                                    BERTRAND, FOX & ELLIOT

                                                By:   /s/ *Richard W. Osman*
                                                       Richard W. Osman
                                                       Attorneys for Defendants
                                                       CITY OF VACAVILLE,
                                                       RICHARD WORD and DANIEL VALK

Dated:  April 23, 2013                                    LAW OFFICES OF JOHN L. BURRIS

                                                By:    /s/ *Benjamin Nisenbaum*
                                                       Benjamin Nisenbaum
                                                       Attorneys for Plaintiff
                                                       SAMUEL WHITE

## ORDER

WHEREFORE, pursuant to stipulation of the parties, it is hereby ordered that the Stipulated Protective Order governing the protection of confidential material set forth above becomes the Order of this Court and shall be imposed in this Action.

**IT IS SO ORDERED.**

DATED:  April 25, 2013                                    _/s/Kendall J. Newman_____
                                                          KENDALL J. NEWMAN
                                                          United States Magistrate Judge

4

STIPULATION AND PROTECTIVE ORDER
*White v. City of Vacaville, et al.*
U.S.D.C. Northern District of CA Case No. 2:12-cv-00515-GEB